UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRAL PARKING SYSTEM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:18-cv-125 |
| v. ) | |
| ) | Division No. |
| TUCKER PARKING EQUITIES LLC, ) | |
| ) | |
| Serve: Jeffrey A. Cohen ) | |
| 7701 Forsyth Blvd., 12th Floor ) | |
| St. Louis, Missouri 63105 ) | |
| ) | |
| TUCKER PARKING HOLDINGS LLC, ) | |
| ) | |
| Serve: Jeffrey A. Cohen ) | |
| 7701 Forsyth Blvd., 12th Floor ) | |
| St. Louis, Missouri 63105 ) | |
| ) | |
| TELEPHONE BUILDING II, LLC, ) | |
| ) | |
| Serve: Anthony P. Palaigos ) | |
| 1823 York Road ) | |
| Timonium, Maryland 21093 ) | |
| ) | |
| BECKER & BECKER, LLC, ) | |
| ) | |
| Serve: Suzanne Becker ) | |
| 342 Lakeside Drive ) | |
| Lewes, Delaware 19958 ) | |
| ) | |
| BRYAN L. BECKER, ) | |
| ) | |
| Serve: 30 Heller Drive ) | |
| Montclair, New Jersey 07043 ) | |
| ) | |
| DAVID R. BECKER, ) | |
| ) | |
| Serve: 48 Woodcrest Avenue ) | |
| Short Hills, New Jersey 07078 ) | |
| ) | |
| ELIZABETH BECKER KATZ, ) | |

|  | ) |
|---|---|
| Serve:  179 Underhill Drive | ) |
|    South Orange, New Jersey 07078 | ) |
|  | ) |
| ROBERT A. KANTOR, | ) |
|  | ) |
| Serve:  7 Heller Drive | ) |
|    Montclair, New Jersey 07043 | ) |
|  | ) |
| FRANCIS J. GREENBURGER, | ) |
|  | ) |
| Serve:  107 Waverly Place, Apt. 2 | ) |
|    New York, New York 10011 | ) |
|  | ) |
| JOHN E. DAY, II, | ) |
|  | ) |
| Serve:  2139 Corbett Road | ) |
|    Monkton, Maryland 21111 | ) |
|  | ) |
| and | ) |
|  | ) |
| JOHN DOE 1-10. | ) |
|  | ) |
| *Hold service on all defendants.* | ) |
|  | ) |
|    Defendants. | ) |

## PLAINTIFF'S COMPLAINT TO PIERCE THE CORPORATE VEIL

Plaintiff Central Parking System, Inc. respectfully requests the Court enter judgment piercing the corporate veil of Defendants Tucker Parking Equities LLC and Tucker Parking Holdings LLC and holding Defendants Telephone Building II, LLC, Becker & Becker, LLC, Bryan L. Becker, David R. Becker, Elizabeth Becker Katz, Robert A. Kantor, Francis J. Greenburger, and John E. Day, II personally liable on the judgment entered in favor of Plaintiff in *Central Parking System of Missouri, LLC v. Tucker Parking Holdings, LLC, et al.*, Case No 1522-CC00532 (Circuit Court of the City of St. Louis, Missouri).  In support, Plaintiff states:

## *The Parties, Jurisdiction, and Venue*

1. Plaintiff Central Parking System, Inc. is a corporation organized and existing under the laws of the State of Tennessee. Central Parking System, Inc. is the successor by merger to Central Parking System of Missouri, LLC, a limited liability company organized and existing under the laws of the State of Tennessee. Central Parking System, Inc. and Central Parking System of Missouri, LLC are collectively referred to herein as "Central Parking."

2. Defendant Tucker Parking Equities LLC ("Tucker Equities") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 24 Church Street, Montclair, New Jersey, 07042.

3. Tucker Equities is owned by Defendant Telephone Building II, LLC ("Telephone Building"). Telephone Building is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business located at 900 Cathedral Street, Suite B1, Baltimore, Maryland 21201.

4. Defendant Bryan L. Becker ("Bryan Becker") resides at 30 Heller Drive, Montclair, New Jersey 07043. Bryan Becker owns 18.2% of Telephone Building. Bryan Becker is the managing member of Telephone Building. On information and belief, Bryan Becker is a manager of Defendant Becker & Becker, LLC ("Becker & Becker").

5. Defendant David R. Becker ("David Becker") resides at 48 Woodcrest Avenue, Short Hills, New Jersey 07078. David Becker owns 18.2% of Telephone Building.

6. Defendant Elizabeth B. Katz ("Elizabeth Katz") resides at 179 Underhill Drive, South Orange, New Jersey 07079. Elizabeth Katz owns 18.2% of Telephone Building.

7. Defendant Robert A. Kantor ("Robert Kantor") resides at 7 Heller Drive, Montclair, New Jersey 07043. Robert Kantor owns 9.1% of Telephone Building.

8. Defendant Francis J. Greenburger ("Francis Greenburger") resides at 107 Waverly Place, Apt. 2, New York, New York 10011. Francis Greenburger owns 18.2% of Telephone Building.

9. Defendant John E. Day ("John Day") resides at 2139 Corbett Road, Monkton, Maryland 21111. John Day owns 18.2% of Telephone Building.

10. Defendant Tucker Parking Holdings LLC ("Tucker Holdings") is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business located at 24 Church Street, Montclair, New Jersey 07042. Tucker Holdings is owned by Becker & Becker (50.5%) and Robert Kantor (49.5%).

11. Becker & Becker is a limited liability company organized and existing under the laws of the State of Delaware. Becker & Becker's registered agent is located at 342 Lakeside Drive, Lewes, Delaware 19958. On information and belief, Becker & Becker is owned by one or more of the above-referenced defendants.

12. Defendants John Does (1-10) are unknown and unidentified persons who have an ownership interest in the Tucker Entities, Telephone Building, or Becker & Becker, or have received transfers of assets belonging to those entities.

13. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees.

14. This Court has subject matter jurisdiction over this case under 20 U.S.C. § 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds the jurisdictional amount.

15. This Court has personal jurisdiction over the defendants because this action arises out of their ownership of real property (or their interest in a limited liability company that owns

real property) located in the State of Missouri, their transaction of business in the State of Missouri, and their funding of at least two lawsuits pending in the State of Missouri, as described herein.

16. Venue is proper in this District under 28 U.S.C § 1391 because a substantial part of the events giving rise to this claim, and the property that is the subject of this action, are located in this District and defendants are subject to personal jurisdiction in this District.

### *Central Parking Obtained a Judgment Against the Tucker Entities.*

17. On November 1, 1998, 310 North Tucker, LLC ("310 North Tucker") and Central Parking's predecessor, Central Parking System of St. Louis, Inc., entered into a lease for the parking garage located at 306-310 North Tucker Blvd., St. Louis, Missouri (the "Garage"). The Garage was constructed using a first-generation "button-head" post-tensioning system, which is vulnerable to water intrusion and corrosion.

18. Under the lease, 310 North Tucker, as owner and landlord, was responsible for all structural repairs. The tenant was responsible for maintenance.

19. On April 1, 2000, 310 North Tucker and Central Parking entered into a Restated Lease (the Lease"). Under the Lease, the tenant assumed responsibility for all structural repairs *except* structural repairs caused by normal or ordinary "wear and tear," which were the landlord's responsibility.

20. Tucker Equities and Tucker Holdings (collectively, the "Tucker Entities") purchased the Garage in 2007 for $4,125,000 when the Garage was approximately 40 years old. On information and belief, the Tucker Entities still own the Garage.

21. In Spring 2014, Central Parking entered into a contract with Tarlton Construction ("Tarlton") to perform various repairs to the Garage in anticipation of Central Parking vacating

the Garage when its tenancy ended on March 31, 2015. Tarlton was expected to mobilize and begin the repairs in early July 2014.

22. On or about July 3, 2014, engineers for Central Parking discovered that the post-tensioning system at the Garage was beginning to fail. The engineers quickly closed the Garage and began installing hundreds of metal and wood shoring posts to stabilize the Garage and prevent it from collapsing.

23. During the next eight months, Central Parking continued installing the elaborate shoring system and accommodating the Tucker Entities' three retail tenants, each of whom occupied commercial space at the Garage premises pursuant to leases with the Tucker Entities. In total, Central Parking spent approximately $4.1 million on the shoring system and other related and necessary expenses.

24. In March 2015, Central Parking and the Tucker Entities filed lawsuits against each other in the Circuit Court of the City of St. Louis, Missouri. In the petition filed by Central Parking (*Central Parking System of Missouri, LLC v. Tucker Parking Equities LLC, et al.*, Case No. 1522-CC00532 (Circuit Court of the City of St. Louis, Missouri)), Central Parking sought a declaration from the court that it was not responsible for the failure of the post-tensioning system at the Garage and that the Tucker Entities were responsible for the costs incurred by Central Parking in response to the failure. In the Tucker Entities' petition, (*Tucker Parking Equities LLC, et al. v. Central Parking System of Missouri, LLC*, Case No. 1522-CC00536 (Circuit Court of the City of St. Louis, Missouri)), the Tucker Entities claimed that Central Parking was responsible for any damage to the post-tensioning system at the Garage and sought over $15 million in damages from Central Parking based on the estimated cost to repair or replace the Garage. The lawsuits were eventually consolidated into the action filed by Central Parking.

25. After extensive discovery and two bench trials (one to determine liability and one to determine damages), the Court (Hon. David L. Dowd) entered judgment in favor of Central Parking on March 22, 2016 and awarded Central Parking damages against the Tucker Entities in the amount of $4,161,424.76 (the "Judgment"). The Court found that the damage to the post-tensioning system at the Garage was caused by normal or ordinary wear and tear.

26. On April 18, 2017, the Missouri Court of Appeals for the Eastern District affirmed the Judgment. *Cent. Parking Sys. of Mo, LLC v. Tucker Parking Holdings, LLC*, 519 S.W.3d 485 (Mo. Ct. App. 2017).

***Post-judgment Discovery Indicates that the Tucker Entities were Insolvent and Undercapitalized While Prosecuting Their Claims Against Central Parking and that the Tucker Entities Funded the Lawsuit Through Capital Calls from the Defendants.***

27. After the trial court entered judgment in favor of Central Parking, Central Parking served post-judgment discovery requests on the Tucker Entities seeking information about their assets and financial status.

28. Discovery revealed that the Tucker Entities are—and have been—judgment proof, having minimal cash on hand and owning property worth close to zero.

29. Despite having minimal cash and no sources of revenue since March 2015, the Tucker Entities managed to prosecute a complex lawsuit and appeal for over two years. They did so by relying on capital contributions from their investors. Specifically, the Tucker Entities consistently maintained a cash balance that was insufficient to pay the costs they incurred in the lawsuit and any adverse judgment. Whenever the Tucker Entities needed capital to pay their lawyers or litigation consultants, the individual defendants transferred capital to the Tucker Entities, which capital was immediately sent to the attorneys or consultants to pursue their claims against Central Parking. For example:

  a. On or about June 10, 2015, the Tucker Entities received a capital contribution in the amount of $159,621.72. On the same day, the Tucker Entities transferred $160,000.00 to their attorneys.

  b. On or about September 9, 2015, the Tucker Entities received a capital contribution in the amount of $80,000.00. On the next day, the Tucker Entities transferred $74,228.61 to their attorneys.

  c. On or about October 26, 2015, the Tucker Entities received a capital contribution in the amount of $75,000.00. On the same day, the Tucker Entities transferred $75,000.00 to their attorneys.

30. In total, the Tucker Entities accessed $680,380.77 in capital contributions from their investors between 2015-2017 while they were otherwise insolvent and undercapitalized. The Tucker Entities used the majority of these funds to prosecute their claims against Central Parking.

31. The capital contributions flowed directly from the individual defendants to the Tucker Entities rather than through Telephone Building and Becker & Becker, the owners of the Tucker Entities.

32. The above-referenced capital calls and payments, all made while the Tucker Entities were undercapitalized and insolvent, demonstrate that the defendants used the Tucker Entities (and Telephone Building and Becker & Becker) simply as conduits to allow the Defendants to use their own funds to prosecute a multi-million dollar lawsuit against Central Parking while the Tucker Entities had no assets that could be used to satisfy an adverse judgment. The Defendants created this "win/win" scenario to allow them to obtain any potential

benefits from their $15 million+ claim against Central Parking while insulating themselves from an adverse judgment on Central Parking's claim for $4.1 million.

33. On information and belief, the Tucker Entities are currently defending another lawsuit in the Circuit Court for the City of St. Louis, Missouri (*Oltuc, LLC v. Tucker Parking Equities, LLC, et al.*, Case No. 1622-10221) using the same scheme that allowed them to pursue their claims against Central Parking.

34. The Tucker Entities do not have sufficient assets to satisfy Central Parking's judgment, and attempting to execute on their meager assets would be futile.

35. On information and belief, one or more of the Defendants have assets that would be sufficient to satisfy all or part of the Judgment.

### *The Court Should Pierce the Tucker Entities' Corporate veil.*

36. As described above, Defendants used the Tucker Entities for an improper purpose by using capital calls to prosecute their claims against Central Parking while those entities were insolvent, undercapitalized, and judgment proof.

37. This unjust and inequitable scheme would have allowed the Tucker Entities to reap the benefits of a favorable judgment while protecting them from an adverse judgment.

38. Defendants used the Tucker Entities as a sham and a shield to avoid obligations, including contractual and legal obligations owed to third parties, like Central Parking.

39. On information and belief, the Tucker Entities have been inadequately capitalized since their formation such that their assets were very small compared to their known risks. The Tucker Entities were responsible for the structural condition of the Garage pursuant to its leases with the retail tenants at the Garage. The Tucker Entities failed to maintain sufficient assets or insurance to comply with these obligations given the age and condition of the Garage. The

Tucker Entities were also responsible for all damage to the Garage caused by normal or ordinary wear and tear. The Tucker Entities failed to maintain adequate funds or insurance to comply with this obligation. In fact, the Tucker Entities' insurance policy for the Garage *excludes* coverage for damage caused by normal wear and tear.

40. Defendants failed to follow corporate formalities and/or the Defendants' assets were improperly comingled with the assets of the Tucker Entities. For example, the capital contributions at issue were made by the individual defendants rather than by Telephone Building and Becker & Becker, the owners of the Tucker Entities. Additionally, Defendant Bryan Becker personally guaranteed the payment of the Tucker Entities' legal fees even though he does not own either entity.

41. One or more of Defendants exercised complete domination and control of the finances, policy, and business practices of the Tucker Entities such that the Tucker Entities had no separate mind, will, or existence. On information and belief, the Tucker Entities, Telephone Building, and Becker & Becker have common ownership and management.

42. Defendants' complete control of the Tucker Entities was used unjustly and inequitably in contravention of Central Parking's rights and proximately caused its inability to collect on its judgment.

43. The Tucker Entities are the alter ego or instrumentality of one or more of the Defendants, who are therefore liable for the debts of the Tucker Entities.

44. Defendants executed their scheme willingly and with malice such that Central Parking is entitled to punitive damages.

WHEREFORE, Central Parking respectfully requests the Court enter judgment piercing the corporate veil of the Tucker Entities and holding one or more of the Defendants personally

liable to Central Parking on the Judgment and for such other and further relief the Court deems just and proper.

>Respectfully submitted,
>
>THOMPSON COBURN LLP
>
>By: /s/ Jan Paul Miller
>    Jan Paul Miller, 58112MO
>    Brian A. Lamping, 61054MO
>    One US Bank Plaza
>    St. Louis, Missouri  63101
>    314-552-6000
>    FAX 314-552-7000
>    jmiller@thompsoncoburn.com
>    blamping@thompsoncoburn.com
>
>*Attorneys for Plaintiff Central Parking System, Inc.*