UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL PARKING SYSTEM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 125 CDP |
| | ) | |
| TUCKER PARKING EQUITIES LLC, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* for review of federal subject-matter jurisdiction.

In March 2016, plaintiff Central Parking System, Inc., obtained a $4.1 million judgment against defendants Tucker Parking Equities LLC and Tucker Parking Holdings LLC (collectively, the "Tucker Entities") in a Missouri state court. The Missouri Court of Appeals affirmed the judgment in April 2017. The Tucker Entities do not have sufficient assets to satisfy this judgment. Invoking this Court's diversity jurisdiction, Central Parking brings this action to pierce the corporate veil of the Tucker Entities, alleging that they are sham organizations and the alter ego or instrumentality of several other entities and individuals. Central Parking claims that these other entities and individuals, also named as defendants in this action, should therefore be liable for the judgment.

I have reviewed Central Parking's complaint and find its statement with respect

to its own citizenship to be inadequate. Regarding corporations, a proper statement of citizenship includes the corporation's place of incorporation and its principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Here, while Central Parking claims its incorporation in the State of Tennessee, it fails to identify its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (for diversity purposes, "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . the corporation's 'nerve center.'"). I am therefore unable to determine if this Court has subject-matter jurisdiction over this action.

The complaint's averments that the named individual defendants and members of defendant LLCs "reside" in certain states are likewise insufficient to show the citizenship of these parties for purposes of diversity jurisdiction. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (a party's mere "residency" in a state does not establish its "citizenship" there); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (for purposes of diversity, an LLC's citizenship is the citizenship of all its members). While the defendants themselves have appeared to cure this deficiency by affirmatively stating the citizenship of the respective parties and members in subsequent filings (*see* ECF ##28-31, Corp. Interest Discl.), I will nevertheless require Central Parking to clarify the citizenship of the named defendants as well.

Accordingly, I will give Central Parking until April 4, 2018, to clarify its own citizenship as well as the citizenship of the named defendants, and to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Therefore,

**IS IT HEREBY ORDERED** that no later than **April 4, 2018**, plaintiff Central Parking System, Inc., shall file a memorandum with the Court clarifying its citizenship and the citizenship of the named defendants, and properly alleging this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2018.