UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL PARKING SYSTEM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 125 CDP |
| | ) | |
| TUCKER PARKING EQUITIES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Under Rule 59(e), Federal Rules of Civil Procedure, plaintiff Central Parking System, Inc., asks me to reconsider my October 25, 2018, Memorandum and Order that dismissed its complaint for failure to state a claim. Central Parking makes no legal or factual arguments convincing me that my prior decision was in error. I will therefore deny the motion to reconsider.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight days after entry of the judgment. Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting manifest errors of law or fact or to present newly discovered evidence, *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006), and are reserved to provide relief in

"extraordinary circumstances." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013). I have broad discretion in determining whether to grant a Rule 59(e) motion. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Central Parking first argues that I misapprehended the factual averments in its complaint regarding when the Tucker Entities were undercapitalized. In my order, I noted that Central Parking's complaint alleged that investors transferred capital to the Entities between 2015 and 2017, and I determined that "[t]o the extent Central Parking alleges that these capital calls show that the Tucker Entities were undercapitalized between 2015 and 2017, a shortage of capital occurring well after the Entities' formation is not a reason to pierce the corporate veil." (*See* Memo. & Order, ECF 39 at pp. 7-8.) Central Parking argues that, contrary to my finding that it failed to plead undercapitalization since the Entities' formation, paragraph 39 of the complaint adequately alleges facts to support such an inference: "On information and belief, the Tucker Entities have been inadequately capitalized since their formation such that their assets were very small compared to their known risks," specifying that the Entities failed to maintain adequate funds or insurance to meet their responsibilities regarding the garage at issue. (Compl., ECF 1 at ¶ 39.) While this averment may clarify Central Parking's allegation of undercapitalization, I disagree with Central Parking's contention that this renders its veil-piercing claim viable.

As stated in my memorandum and order, in order to state a claim for piercing the corporate veil, Central Parking is required to allege facts sufficient to show: 1) complete domination and control of such a degree that the corporate entity had no will or existence of its own; 2) that such control of the corporate structure perpetuated a fraud, wrong, or similar injustice; and 3) that the control and subsequent breach of duty proximately caused the injury. *See* ECF 39 at pp. 6-7; *see also Collet v. American Nat'l Stores, Inc.*, 708 S.W.2d 273, 284 (Mo. Ct. App. 1986). While inadequate capitalization may be circumstantial evidence of an improper purpose or reckless disregard for the rights of others, thereby satisfying the second element, *see 66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 41 (Mo. banc 1999), it is not the only factor I consider when determining whether a claim is stated to pierce the corporate veil. *See Collet*, 708 S.W.2d at 284 (listing eleven factors). Indeed, no single factor is dispositive. *Commonwealth Land Title Ins. Co. v. Miceli*, 480 S.W.3d 354, 370 (Mo. Ct. App. 2015).

Assuming for the sake of argument that Central Parking is correct in its assertion that I misapprehended its stated fact(s) regarding *when* the Entities were allegedly undercapitalized, this does not alter the reasoning or the result of my order. Even considering the allegation that the Entities were inadequately capitalized since their formation,[1] the complaint nevertheless does not allege sufficient facts to show

---

[1] Other than paragraph 39's statement that the Entities were undercapitalized since formation,

complete domination and control, which requires a showing of "complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own[.]" *Collet*, 708 S.W.2d at 284. *See also Doe 1631 v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 18 (Mo. banc 2013); *Mobius Mgmt. Sys., Inc. v. W. Physician Search, L.L.C.*, 175 S.W.3d 186, 188 (Mo. Ct. App. 2005) (citing *66, Inc.*, 998 S.W.2d at 41). So, while undercapitalization may show improper purpose, Central Parking must still allege facts sufficient to show complete domination and control. For the reasons stated in my memorandum and order, it failed to do so. An allegation that the Entities were undercapitalized since their formation does not change my conclusion that the complaint failed to adequately state facts showing complete domination and control.

I also disagree with Central Parking's second argument that the capital contributions made by unidentified individual investors between 2015 and 2017 to finance the underlying litigation show the requisite domination and control.[2] While commingling of assets or the mixing of business and personal accounts may indicate

---

Central Parking's complaint is replete with several specific allegations that limit the Entities' alleged undercapitalization to the period of 2015 through 2017, that is, during the pendency of the underlying lawsuit. *See* Compl., ECF 1 at ¶¶ 29, 30, 32, 36.

[2] Central Parking argues that the line between the individual investor-defendants and the "nominal ownership" of the Tucker Entities was blurred when the capital contributions were made by *individuals* and not the Entities' actual owners. Central Parking's complaint does not identify the individuals who allegedly made the capital contributions, but I do note that one of the alleged owners of the Entities, Robert Kantor, is indeed an individual.

that the corporate form has been ignored, *see Miceli*, 480 S.W.3d at 372 n.10, Central Parking's mere allegation of capital contributions during a finite period of time does not show that the ownership interests between the individual investors and the Entities were so indistinguishable that the business entity had no mind, will, or existence of its own. Nothing presented in Central Parking's argument convinces me that my earlier conclusion regarding lack of domination and control was in error.

Finally, the remainder of Central Parking's motion makes no legal or factual arguments persuading me that my decision was in error or that my reasoning was flawed. Nor do I find that extraordinary circumstances exist to warrant the relief Central Parking seeks.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Central Parking System, Inc.'s Motion for Reconsideration of Order of Dismissal [41] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2018.